**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| STEPHANIE PALUDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-298 |
| ) | (Phillips) |
| THE UNIVERSITY OF TENNESSEE and ) | |
| THE UNIVERSITY OF TENNESSEE ) | |
| BOARD OF TRUSTEES ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss [Doc. 4]. On July 8, 2010, Plaintiff filed this employment discrimination action against the University of Tennessee and its Board of Trustees. [Plaintiff's Complaint, Doc. 1]. Plaintiff alleges that the non-renewal of her employment as a dormitory Resident Advisor was based upon her disability, in violation of the following statutes:

- Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*;
- Rehabilitation Act, 29 U.S.C. §§ 791 *et seq*;
- Tennessee Disability Act, T.C.A. § 8-50-103; and
- Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*.

[Plaintiff's Complaint, Doc. 1]. On August 2, 2010, Defendants filed a Motion to Dismiss, arguing that the majority of Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 4]. However, Defendants did not move to dismiss Plaintiff's employment

1

discrimination claim under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq*. [Id.].

On October 20, 2010, Plaintiff responded to Defendants' Motion to Dismiss [Doc. 10]. In her Response, Plaintiff voluntarily dismissed all of her claims, except for her employment discrimination claim under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq*. As Plaintiff stated:

> Comes the Plaintiff, Stephanie Paluda, and responds to Defendants' motion for partial dismissal by stating, after research on the legal issues raised, it appears Plaintiff's basis for suit lies exclusively within the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*., and the rights and remedies incorporated and/or provided for therein. The remaining causes of action upon which Defendants seek dismissal appear to be surplusage. Plaintiff requests the case proceed without further delay on her disability discrimination in employment claims asserted through the Rehabilitation Act.

[Id. at 1].

Because Plaintiff has voluntarily dismissed all of the claims that concerned Defendants' Motion to Dismiss [Doc. 4], that motion is **DENIED AS MOOT**. Accordingly, Plaintiff's only remaining cause of action is her employment discrimination claim under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq*.

**IT IS SO ORDERED**.

                                      **ENTER:**

                                      s/ Thomas W. Phillips
                                      United States District Judge